UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SUDBERRY,                                     Case No. 1:14-cv-676
       Petitioner,

       vs                                                    Barrett, J.
                                                          Bowman, M.J.

WARDEN, SOUTHERN OHIO                 **ORDER AND REPORT**
CORRECTIONAL FACILITY,                  **AND RECOMMENDATION**
       Respondent.

Petitioner, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, has filed an application for leave to proceed *in forma pauperis* in connection with a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (*See* Doc. 1).  It appears from petitioner's application that petitioner has insufficient funds to pay the $5.00 filing fee required to initiate this action and that he should therefore should be granted *in forma pauperis* status. (*See id.*).

Although it appears that petitioner qualifies to proceed *in forma pauperis* in this matter, it also appears that the petition is subject to dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, which provides in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner has filed prior habeas petitions with this Court challenging his 2000 convictions for murder and assault on a police officer in Butler County, Ohio, Court of Common

Pleas Case Nos. CR99-02-0133 and CR99-03-0363.[1] *See Sudberry v. Warden, Southern Ohio Correctional Facility*, Case No. 1:13-cv-623 (Spiegel, J.; Bowman, M.J.); *Sudberry v. Warden, Southern Ohio Correctional Facility*, Case No. 1:03-cv-537 (Beckwith, J.; Hogan, M.J.).  In the first habeas action challenging only petitioner's Butler County murder conviction, petitioner was denied relief on the ground that his claims were procedurally barred from review, lacked merit or were time-barred.  *See* Case No. 1:03-cv-537 (Docs. 52, 62, 86, 92, 93).  Thereafter, petitioner apparently filed motions with the Sixth Circuit seeking authorization to file successive petitions challenging his murder conviction, which were denied.  *See id.* (Docs. 98-99).  In the second habeas action, petitioner challenged both his murder conviction and assault-on-an-officer conviction.  *See* Case No. 1:13-cv-623 (Doc. 1).  On June 26, 2014, the District Court adopted the magistrate judge's Report and Recommendation to transfer the petition to the Sixth Circuit for authorization to consider petitioner's successive claims pertaining to the murder conviction and to dismiss petitioner's claims challenging his assault-on-an-officer conviction as time-barred.  *See id.* (Docs. 18, 22-23).  It appears that an appeal is pending before the Sixth Circuit in that matter.  *Id.*  (Doc. 25).

The instant action does not involve a successive petition because petitioner states that he is challenging his conviction in April 2011 in another criminal case that was tried before the

---

[1] Petitioner was convicted following a jury trial on the murder charge in Case No. CR99-02-0133and sentenced to a 15-year to life term of imprisonment for that offense.  *See Sudberry v. Warden, Southern Ohio Correctional Facility*, Case No. 1:13-cv-623 (Spiegel, J.; Bowman, M.J.) (Doc. 14, Ex. 1).  He was separately convicted following entry of a guilty plea to the assault-on-an-officer charge in Case No CR99-03-0363; he was sentenced in that case to a 17-month term of imprisonment to run concurrently with the sentence imposed in the murder case.  (*See id.*, Ex. 2).  It also appears from the Butler County Clerk of Courts' on-line docket records that another criminal prosecution was initiated in April 1999 against petitioner involving felonious assault charges.  That case (No. CR99-04-561) was closed on May 19, 1999 with the charges "[i]gnored."  It does not appear that any other criminal case was brought against petitioner in Butler County.

Warren County, Ohio, Court of Common Pleas in Case No. 10CR26979. (*See* Doc. 1, PAGEID #: 3). It appears from the petition that petitioner was convicted in that case of assault on a correctional officer. (*Id.*). It further appears from the Warren County Clerk of Courts' on-line docket record for Case No. 10CR26979 that petitioner was convicted following a jury trial and was sentenced to a twelve (12) month term of imprisonment to be served consecutively to the sentences imposed in the Butler County cases.[2] The docket record also reflects that petitioner appealed to the Ohio Court of Appeals, Twelfth Appellate District, which issued a Judgment Entry on September 10, 2012 reversing the trial court's judgment "as to court costs only."[3] Petitioner states in the petition that he appealed the appellate court's decision to the Ohio Supreme Court in a case docketed as 2011-1220. (*See* Doc. 1, PAGEID #: 4).  However, upon review of the on-line docket report pertaining to the appeal (Case No. 2011-05-047), as well as cases filed by petitioner with the Ohio Supreme Court, it appears that no such appeal was filed.[4] Instead, after the Ohio Court of Appeals issued its direct appeal decision in September 2012, petitioner did not pursue any relief from the state's highest court until he filed a habeas corpus petition with that court on August 1, 2013.  In the petition and amended petition that he filed in

---

[2] The docket report was obtained from the following website link: http://www.co.warren.oh.us/clerkofcourt/search/default.aspx.

[3] Although petitioner claims in the petition that the Ohio Court of Appeals issued its direct appeal ruling in October 2013 (*see* Doc. 1, PAGEID #: 4), the decision was in fact rendered in September 2012.  In accordance with the Ohio Court of Appeals' remand order, the trial court modified petitioner's sentence to include waiver of court costs on October 3, 2012. (*See* Doc. 1, PAGEID #: 28).  No appeal was taken from the October 2012 entry modifying petitioner's sentence.

[4] The docket report for Case No. 2011-05-047 was obtained from the following website link: http://www.co.warren.oh.us/clerkofcourt/search/default.aspx.  The undersigned searched the Ohio Supreme Court's website at the following links:  (1) http://www.supremecourt.ohio.gov/Clerk/ecms/searchbycasenumber.asp, and (2) http://www.supremecourt.ohio.gov/Clerk/ecms/searchbypartyname.asp.

that case (No. 2013-1220), petitioner made no mention of his Warren County conviction, but rather complained about the treatment he was receiving in prison.  The Ohio Supreme Court *sua sponte* dismissed the petition on September 25, 2013.  (*See also* Doc. 1, PAGEID #: 30).

Petitioner commenced the instant action at the earliest on August 22, 2014, the date he executed his "Affidavit of Indigency" in support of his *in forma pauperis* application before a notary public.  (*See* Doc. 1, PAGEID #: 1).[5]  Petitioner asserts three grounds for relief.  He alleges in Ground One that he was the victim of "police brutality."  In Ground Two, he claims that his trial attorney was ineffective.  In Ground Three, he contends that the trial judge was biased against him.  (*See* Doc. 1).

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).  Petitioner has not indicated when he placed his pleadings in the prison mailing system.  However, the earliest he could have done so was August 22, 2014, which was the date on which petitioner's "Affidavit Of Indigency" was notarized.  (*See* Doc. 1, pp. 4, 6).

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

It is clear from the petition that the limitations provisions set forth in § 2244(d)(1)(B) through § 2244(d)(1)(D) do not apply to the case-at-hand.  Petitioner's claims arose either prior to or during his trial and were discoverable through the exercise of due diligence before his conviction became final by the conclusion of direct review.  Moreover, petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that he was prevented from filing a timely habeas petition by any state-created impediment to filing.  Therefore, petitioner's grounds for relief are governed by the one-year statute of limitations set forth in § 2244(d)(1)(A), which began to run when petitioner's conviction became final by the conclusion of direct review or expiration of time for seeking such review.

In this case, petitioner's conviction became final within the meaning of § 2244(d)(1)(A) on October 25, 2012, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' September 10, 2012 direct appeal decision. *See* Ohio S.Ct.Prac.R. 6.01(A)(1).  The statute commenced running on October 26, 2012, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on October 26, 2013 absent the application of statutory or equitable tolling principles.

During the one-year limitations period that began on October 26, 2012, petitioner was

entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). In this case, petitioner did not take any action during the one-year limitations period to challenge his Warren County conviction or sentence in the state courts. Therefore, the statutory tolling provision does not apply to extend the limitations period past the October 26, 2013 deadline date. In any event, even assuming, *arguendo*, that petitioner sought to challenge his conviction in the habeas petition filed with the Ohio Supreme Court on August 1, 2013, and that such petition could be construed as a "properly filed" application for state collateral review for tolling purposes under § 2244(d)(2), the statute of limitations had run for 279 days by the time it was tolled. The statute commenced running again on September 26, 2013, one day after the Ohio Supreme Court dismissed the petition, and expired 86 days later on March 31, 2014. Therefore, the instant petition, which was filed four months later, would still be time-barred.

The AEDPA's statute of limitations is also subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at

6

649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Here, it is clear from petitioner's history of litigation in both the state courts and this Court that he has neither been prevented from filing a timely habeas petition challenging his Warren County conviction nor diligent in pursuing his claims challenging that conviction.

Accordingly, in sum, the undersigned concludes that it is clear from the face of the petition that petitioner's grounds for relief are time-barred under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Therefore, it is **RECOMMENDED** that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**IT IS THEREFORE ORDERED THAT:**

Petitioner's application for leave to proceed in forma pauperis (Doc. 1) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** with prejudice on the ground that it is clear from the petition that it is barred by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it

debatable whether the Court is correct in its procedural ruling.[6]

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[6] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES SUDBERRY,                       Case No. 1:14-cv-676
       Petitioner,

                                            Barrett, J.
      vs                                    Bowman, M.J.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
       Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc