UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES SUDBERRY, | : | Case No.  1:14-cv-676 |
| Petitioner, | : | Barrett, J. |
| | | Bowman, M.J. |
| v. | : | |
| WARDEN, SOUTHERN OHIO | : | |
| CORRECTIONAL FACILITY, | | |
| | : | |
| Respondent. | | |
| | : | |

## OPINION AND ORDER

This matter is before the Court on the September 2, 2014 Order and Report and Recommendation (the "Report").  (Doc. 3).  In the Report, the Magistrate Judge recommended dismissing with prejudice Petitioner's habeas petition because the grounds for relief are time barred under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). On September 17, 2014, Petitioner filed objections.  (Doc. 5).

## I.      STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.  Fed. R. Civ. P. 72.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review:  "[a] general

objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.    ANALYSIS

The Magistrate Judge determined, and Petitioner does not dispute, that his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenges a conviction in April 2011 in a criminal case tried in the Warren County, Ohio, Court of Common Pleas in Case No. 10CR26979.  In that case, Petitioner appears to have been convicted of assault on a correctional officer.  The Magistrate Judge further determined that Petitioner appealed the case to the Ohio Court of Appeals and a direct appeal decision was entered on September 2012, after which Petitioner did not appeal to the state's highest court.  Since this action was commenced on August 22, 2014 at the earliest, the Magistrate Judge concluded that the petition for a writ of habeas corpus was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d).

Petitioner objects to the Magistrate Judge's conclusion by arguing that she ignored that an Entry from the Ohio Supreme Court that is dated September 25, 2013, which he contends should mean that he had up through September 25, 2014 to file his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   The objection is without merit.

First, the Magistrate Judge correctly determined that the one-year limitations period to challenge his Warren County conviction or sentence in the statute courts began on October 26, 2012 when the 45-day period for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' September 10, 2012 direct appeal decision expired without any appeal from Petitioner.

Second, the Magistrate Judge correctly determined that Petitioner was not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  In fact, the Magistrate

Judge directly addressed the September 25, 2013 Entry from the Ohio Supreme Court to which

Petitioner directs the undersigned, stating:

> [A]fter the Ohio Court of Appeals issued its direct appeal decision in September 2012, petitioner did not pursue any relief from the state's highest court until he filed a habeas corpus petition with that court on August 1, 2013. In the petition and amended petition that he filed in that case (No. 2013-1220), petitioner made no mention of his Warren County conviction, but rather complained about the treatment he was receiving in prison.  The Ohio Supreme Court *sua sponte* dismissed the petition on September 25, 2013.  (*See also* Doc. 1, PAGEID # 30).

(Doc. 3, PageId 69-70).   She then determined that because Petitioner did not take any action

during the one-year limitations period to challenge his Warren County conviction or sentence in

the state courts, he was not entitled to statutory tolling.  Upon *de novo* review, the undersigned

agrees with the Magistrate Judge that the habeas petition in the Ohio Supreme Court did not

involve, and made no mention of, his Warren County conviction, and that Petitioner therefore is

not entitled to statutory tolling on the basis of that habeas petition.  Accordingly, the instant

petition filed outside the one-year limitations period is time barred.

Third, even if Petitioner were entitled to statutory tolling based upon the habeas petition

filed with the Ohio Supreme Court (Case No. 2013-1220), the undersigned agrees with the

Magistrate Judge that the instant petition still would be time barred.  As the Magistrate Judge

correctly pointed out, the statute of limitations had run for 279 days by the time it would have

been tolled and it commenced running again on September 26, 2013, one day after the Ohio

Supreme Court dismissed the petition.  The statute of limitations therefore expired 86 days later.

The instant petition was not filed until August 2014, after the expiration of the statute of

limitations.[1]

## III.    CONCLUSION

---

[1] Even if the deadline was calculated from November 20, 2013 when Petitioner's motion for reconsideration was denied, the statute of limitations still expired prior to the filing of the instant petition.   *See* http://www.supremecourt.ohio.gov/Clerk/ecms/resultsbycasenumber.asp?type=3&year=2013&number=1220&myPage=searchbypartyname.asp.

Consistent with the foregoing, Petitioner's objections (Doc. 5) are **OVERRULED** and the Report (Doc. 3) is **ADOPTED**.  It is therefore **ORDERED** that:

1. Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED with prejudice on the ground that it is clear from the petition that it is barred by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. A certification of appealability shall not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.

3. The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by Petitioner to proceed on appeal *in forma pauperis*, an appeal of this Opinion and Order adopting the Report would not be taken in good faith.  Petitioner is therefore DENIED leave to appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/Michael R. Barrett
Judge Michael R. Barrett
United States District Court